Shauck, J.
The judgment recovered by the plaintiff at the October term, 1895, of the common pleas court should have been affirmed by the circuit court unless the facts alleged in the second defense are sufficient in law to defeat a recovery. Whether they are sufficient or not was, and continues to be, the only question of substance in the case. Those facts, briefly stated, are that the notes described in the petition were executed by the principal and his sureties in consideration of the purchase of chattels sold by the payee to the principal; that by their terms they were to bear but six per cent, interest after their maturity, instead of eight per cent, as required by the contract of sale, and that at the time of the delivery of the notes the principal, in response to the demands of the payee, executed his individual separate obligation in writing to pay the higher rate agreed upon after maturity, and that this was done without the knowledge of the surety. In support of the judgment of the circuit court it is said that the two instruments, being contemporaneous and having relation to the same contract of sale, are to be construed together, and being so construed there appears to be a change in the contract. Althoug’h these contracts are contemporaneous they are not between the same parties. By the second instrument the principal debtor assumed an independent obligation to' pay the interest required. by the original contract of sale and not embraced in the terms of the note executed by the principal and sureties, without in any manner *388 attempting to effect a change in the contract to which the sureties were parties. The general rule upon the subject as stated in Brant on Surety-ship (section 378) is familiar and accurate: “Any agreement between the creditor and principal which varies essentially the terms of the contract by which the surety is bound without the consent of the surety, will release him from responsibility. ” The condition that to discharge the surety the variation must be in “the terms of the contract by which the surety is bound” is indispensable.

The judgment of the circuit court at its February term, 1896, is reversed, and that of the common pleas court at its October term, 1895, is affirmed.